# IN THE COURT OF APPEALS OF IOWA

No. 21-0592
Filed November 2, 2022

**MAYUAL MIKE ANYUON,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Dallas County, Thomas P. Murphy, Judge.

　　　The applicant appeals the district court decision denying his application for postconviction relief.  **AFFIRMED.**

　　　Martha J. Lucey, State Appellate Defender, and Mary K. Conroy and Stephan J. Japuntich (until withdrawal), Assistant Appellate Defenders, for appellant.

　　　Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

　　　Considered by Bower, C.J., Vaitheswaran, J., and Carr, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

Mayual Anyuon appeals the district court decision denying his application for postconviction relief. We conclude the district court did not err in its conclusion that Anyuon's petition for postconviction relief was barred by the three-year statute of limitations in Iowa Code section 822.3 (2018). We affirm the district court's decision granting summary disposition to the State.

Anyoun was charged with possession of marijuana, in violation of Iowa Code section 124.401(5) (2013), a serious misdemeanor, and theft in the third degree, in violation of section 714.2(3), an aggravated misdemeanor. He pled guilty to the charges and was sentenced on February 14, 2014. Anyuon did not appeal his convictions.

On December 3, 2018, Anyuon filed an application for postconviction relief, claiming he received ineffective assistance because defense counsel did not adequately explain the immigration consequences of his guilty plea. He claimed he was not advised "about the slightest possibility of removal from the U.S."

The State filed a motion for summary disposition on the ground that Anyuon's petition was filed more than three years after the judgment of conviction in his case and was barred by the statute of limitations in section 822.3. Anyoun resisted the motion, claiming the Iowa Supreme Court's ruling in *Diaz v. State*, 896 N.W.2d 723, 732 (Iowa 2017), "that counsel has an obligation to inform his or her client of all the adverse immigration consequences that competent counsel would uncover," created "a ground of fact or law that could not have been raised" within the three-year period. *See* Iowa Code § 822.3.

The district court granted the State's motion for summary disposition. The court found Anyuon's application for postconviction relief was filed outside the three-year limitations period and did not raise "a ground of fact or law that could not have been raised" within the three-year period. *See id.* Anyuon appeals the district court's decision.

We review a district court's ruling finding that a postconviction application is untimely for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

In *Ndikumana v. State*, we addressed a claim that *Diaz* created a new legal rule so that an application for postconviction relief filed within three years after *Diaz* was decided was timely under section 822.3. No. 19-0269, 2020 WL 2060308, at *2 (Iowa Ct. App. Apr. 29, 2020). The Iowa Court of Appeals stated:

> We have determined "*Diaz* is not a change in law but rather an application of the existing law found in *Padilla*."[1] *Ramirez v. State*, No. 16-1893, 2018 WL 2727707, at *5 (Iowa Ct. App. June 6, 2018); *see also Garcia v. State*, No. 18-2021, 2019 WL 5063328, at *3 (Iowa Ct. App. Oct. 9, 2019); *Zacarias v. State*, No. 18-0686, 2019 WL 3714815, at *2 (Iowa Ct. App. Aug. 7, 2019). For this reason, *Diaz* "does not qualify as a new-ground-of-law exception to the three-year time-bar of Iowa Code section 822.3." *Garcia*, 2019 WL 5063328, at *3.

*Id.*; *see also Remeliik v. State*, No. 21-0655, 2022 WL 2348170, at *2 (Iowa Ct. App. June 29, 2022) (noting the *Diaz* decision should not be applied retroactively).

Our caselaw does not support Anyuon's claim that the ruling in *Diaz* created "a ground of fact or law that could not have been raised" within the three-year

---

[1] Referring to *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010), which held defense counsel should advise defendants whether a guilty plea could result in deportation.

period. *See* Iowa Code § 822.3. We conclude the district court did not err in its conclusion that Anyuon's petition for postconviction relief was barred by the three-year statute of limitations in section 822.3. We affirm the district court's decision granting summary disposition to the State.

**AFFIRMED.**